IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MAN & MACHINE, INC.**, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 14-1829** |
| | * | |
| **SEAL SHIELD, LLC,** *et al.,* | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Man & Machine, Inc. (MMI) has sued Seal Shield, LLC and Seal Shield Corp. (Seal Shield) seeking preliminary and permanent injunctive relief, disgorgement of profits, and other damages in connection with its allegations that Seal Shield disseminated false and/or misleading statements into interstate commerce regarding the performance of Seal Shield's keyboards and mice in violation of the Lanham Act and False Marking Act. Specifically, the Amended Complaint, ECF No. 33, alleges that Seal Shield falsely advertised that its products have antimicrobial properties based upon the incorporation of silver into its products; are dishwasher safe and waterproof; and contain technology patented by Seal Shield or for which patent is pending. During the course of discovery in the case, on July 17, 2015, Seal Shield filed a complaint against MMI in the Middle District of Florida alleging violations of the Lanham Act and the Florida Deceptive and Unfair Trade Practices Act. The Florida suit was transferred to this Court on December 15, 2015, and the Court consolidated the cases on June 29, 2016. On July 22, 2016, MMI filed a Motion to Disqualify Counsel Andrew McCarthy, ECF No. 173, which Seal Shield opposes.

For the following reasons, MMI's Motion to Disqualify Counsel Andrew McCarthy is **DENIED**.

## I. FACTS

J. Andrew McCarthy, Jr., Esquire is Seal Shield's in-house counsel and Vice President of Intellectual Property. He, along with co-counsel Gregory P. Hengber, Esquire and local counsel, Diana M. Schobel, Esquire, represent Seal Shield in the instant litigation and have done so since the date Seal Shield answered, i.e. August 5, 2015.

MMI's Motion is based on the following facts:

On March 6, 2014, former Seal Shield employee and current MMI employee, Harry Furey, sent an email to Clifton Broumand, MMI's CEO (the March 6th email), which referenced – and had as an attachment – an email sent from McCarthy to Seal Shield employees on November 8th, 2010 (the November 8th email). The November 8th email was a forwarded copy of an email from McCarthy to a potential Seal Shield client which posed questions regarding the total weight of a product and the relative amount of Silver Seal and silicone in that product. Broumand responded to the March 6th email asking Furey to mail him a physical copy of the November 8th email. Years later, during the May 26, 2016 deposition of Broumand, Seal Shield's co-counsel Greg Hengber marked the March 6th email as an exhibit.

MMI asserts that the November 8th email reveals that McCarthy is, or was, responsible for deciding how much Silver Seal is used in Seal Shield's products, and thus possesses critical information regarding the amount of Silver Seal required to make the products antimicrobial. According to MMI, this knowledge, along with McCarthy's familiarity with Seal Shield's patents make McCarthy a necessary witness in this case, given the central role that those issues play in MMI's claims. Further, MMI alleges that McCarthy is a competitive decisionmaker at

Seal Shield. Therefore, MMI argues that McCarthy should be disqualified from the case for because his presence would violate Rule 3.7 of the Maryland Lawyers' Rules of Professional Conduct.

Seal Shield disputes this, arguing not only that MMI's motion is untimely inasmuch as it had knowledge of the November 8 email years ago; the assumption that McCarthy is a necessary witness is baseless.

## II. STANDARD OF LAW

Rule 3.7 of the Maryland Lawyers' Rules of Professional Conduct (MLRPC) provides, in pertinent part, that

> [a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work a substantial hardship on the client."

MLRPC Rule 3.7(a). The policy behind this rule is succinctly stated in Comment 1: "Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." *Id*. cmt. 1.

The movant of a motion to disqualify must satisfy a high burden of proof that disqualification is warranted. *See Buckley v. Airshield Corp.*, 908 F.Supp. 299, 304 (D.Md. 1995). However, "[w]hen the attorney in question is so clearly aware before the fact of the potential conflict between hid roles as advocate and witness, then the scrutiny usually applied to an opposing party's motion for disqualification is unnecessary, and the burden shifts to the attorney in question." *Klupt v. Krongard*, 126 Md. App. 179, 207, (1999). "Among the factors

courts have adopted when deciding motions for disqualification are the materiality of the advocate-witness's evidence; the exclusivity of the advocate-witness as the source of the evidence; and the prejudice to the advocate-witness's client." *Id*. at 206–07.

### III. ARGUMENTS

MMI argues that McCarthy should be disqualified from the case because his presence would violate MLRPC 3.7. MMI asserts that it intends to depose and call McCarthy as a witness at trial and that he is a necessary witness because his testimony is highly material and noncumulative. MMI further argues that given the nature of the dispute and core allegations – related to the silver used in Seal Shield's products and existence of patents for its products – McCarthy will purportedly provide necessary testimony addressing three issues: (1) whether Seal Shield's products contain enough silver to be described as "antimicrobial"; (2) whether Seal Shield's products contain technology patented by Seal Shield; and (3) whether Seal Shield had knowledge of its false claims and false marking, yet allowed it to continue. Specifically, MMI states that the November 8th email "reveals that Mr. McCarthy is, or was, responsible for deciding how much Silver Seal is used in Seal Shield keyboards and mice, and thus possesses critical information regarding the amount of Silver Seal required to make these products antimicrobial." MMI also alleges that McCarthy knew from the inception of the litigation that he would necessarily be called as a witness concerning the use of silver in Seal Shield's products.

Additionally, MMI avers that Seal Shield failed to disclose that McCarthy is a "competitive decisionmaker" due to his involvement in Seal Shield's product design. MMI further alleges that McCarthy "has manifested an intentional inability to compartmentalize his loyalty as a competitive decisionmaker of Seal Shield" from his obligations as an attorney and

officer of the Court. Finally, MMI states that permitting McCarthy to serve as Seal Shield's counsel will confuse the jury and prejudice MMI.

Seal Shield submits that the Motion to Disqualify should be denied as untimely because MMI was aware of the basis of its Motion prior to initiating the instant litigation, yet waited more than two years to file it. In the alternative, Seal Shield argues further that McCarthy is not a necessary witness because he played no role in selecting the antimicrobial additives used in Seal Shield's products or determining the amount of additives to be used. Further, any relevant information that he might possess would have been provided to him by a Seal Shield employee or contractor. Thus, McCarthy is not a necessary witness because he has no independent basis for that knowledge such that any testimony he could offer would be duplicative of that which at least five other Seal Shield employees could provide. With regard to the allegations that McCarthy is a "competitive decisionmaker," Seal Shield maintains that since this Court entered the Stipulated Protective Order Regarding Confidentiality of Discovery Material on February 25, 2015, there has not been an accusation by either side that the other has treated confidential material in a manner that would be in violation of that Protective Order. Further, Seal Shield asserts that McCarthy has not been involved in competitive decisionmaking for Seal Shield since late 2012, and, even if he were, that alone would not be a basis for disqualification. Finally, Seal Shield argues that if McCarthy is disqualified, it would be prejudiced by the need to hire new counsel, which would cause further delay and force Seal Shield to pay for duplicative legal work while getting their new counsel up to speed.

### IV. ANALYSIS

MMI had knowledge evidencing both its purported rationales for McCarthy's disqualification years before filing the instant Motion. The untimeliness of the Motion alone is

enough to justify its rejection. "Courts have held that a party's failure to timely raise a motion to disqualify may result in a waiver." *Buckley v. Airshield Corp.*, 908 F.Supp. 299, 307 (D.Md.1995). *See also Marks Const. Co. v. Huntington Nat. Bank*, 2010 WL 1404590, at *4 (N.D.W. Va. Apr. 2, 2010) ("Every essential fact which underlies this motion was known to the defendants from the start of the litigation" and "defendants inexplicably waited four years after removing this lawsuit to file the motion to disqualify."); *Gross v. SES Americom, Inc.*, 307 F. Supp. 2d 719, 724 (D. Md. 2004); *Fenzel v. Group2 Software, LLC*, 2014 WL 7404575, at *4 (D. Md. Dec. 29, 2014).

Indeed, MMI was well aware of the foundation of its Motion – the November 8th email – in March 2014, three months prior to initiating the instant litigation. At that time, MMI's CEO received and replied to an email from Furey with the November 8th email attached. Despite knowledge of this email, which purportedly indicates that McCarthy is a necessary witness, MMI waited more than two years to file the Motion to Disqualify Counsel. The delay is even more significant with regard to MMI's assertion that McCarthy's status as a competitive decisionmaker requires disqualification. MMI had knowledge of the facts underlying these assertions well before it filed the instant Motion. In fact, in prior litigation between the parties, MMI filed a similar motion to disqualify McCarthy based in part on his involvement in competitive decisionmaking. See Mtn. to Disqualify Counsel, No, 6:12-cv-520-ORL, at *8 (M.D. Fla. July 17, 2012). That motion was filed on July 17, 2012, nearly two years before it filed its Complaint in the instant case, and over four years before it filed the instant Motion.

MMI's explanation for its delay in filing is totally unpersuasive. Its suggestion that the November 8th email was only recently brought to its attention is simply incredible. MMI's CEO clearly read the March 6th email and understood the importance of the November 8th email

attached, as evidenced by the fact that he asked Furey to send him the physical copy. The amount of silver used in Seal Shield's products has been a core issue in this case since the inception of the litigation, yet MMI offers no justification – outside of its supposed ignorance of the email – why it did not raise this Motion sooner. MMI also fails to offer any justification for why it failed to raise the competitive decisionmaker argument at an earlier stage of litigation.

Beyond the fact that the Motion to Disqualify is untimely, it is feeble on the merits. MMI has failed to show that McCarthy was in any way aware that he might need to serve as a witness, so a high burden remains on MMI to prove that disqualification is warranted. Whatever McCarthy may know, MMI has not shown that he is the exclusive source of such evidence. From all that appears, McCarthy had no role in selecting the type or amount of antimicrobial additives used in Seal Shield's products, and any information he might have, he would have learned from someone better suited than he to provide the testimony. At best, MMI's argument that McCarthy is a necessary witness is speculative. Finally, disqualifying McCarthy would prejudice Seal Shield because it would need to hire new counsel and pay for duplicative legal work.

## V.  CONCLUSION

For the foregoing reasons, MMI's Motion to Disqualify Counsel Andrew McCarthy (ECF No. 173) is **DENIED**, as set forth in the accompanying Order.

                                                    /s/
                                     PETER J. MESSITTE
                        UNITED STATES DISTRICT JUDGE

**September 28, 2016**