**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MAN & MACHINE, INC.**, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 14-1829** |
| | * | |
| **SEAL SHIELD, LLC,** *et al.*, | * | |
| | * | |
| Defendants | * | |

### **MEMORANDUM OPINION**

Man & Machine, Inc. (MMI) has sued Seal Shield, LLC and Seal Shield Corp. (Seal Shield), seeking preliminary and permanent injunctive relief, disgorgement of profits, and other damages alleging that Seal Shield disseminated false and/or misleading statements into interstate commerce regarding the performance of Seal Shield's keyboards and mice in violation of the Lanham Act and False Marking Act. Specifically, the Amended Complaint, ECF No. 33, alleges that Seal Shield falsely advertised that its products have antimicrobial properties based upon the incorporation of silver into its products; are dishwasher safe and waterproof; and contain technology patented by Seal Shield or for which patent is pending. During the course of discovery in the case, on July 17, 2015, Seal Shield filed what was essentially a mirror complaint against MMI in the Middle District of Florida, alleging violations of the Lanham Act and the Florida Deceptive and Unfair Trade Practices Act. The Florida suit was transferred to this Court on December 15, 2015, and the Court consolidated the cases on June 29, 2016.

On December 29, 2014, Seal Shield, with MMI's conditional consent, moved the Court to seal and/or redact certain information in MMI's Amended Complaint. Seal Shield contended that MMI's Amended Complaint disclosed confidential and proprietary information related to

1

Seal Shield's antimicrobial solution. MMI agreed not to oppose sealing the Amended Complaint at that time.

On June 10, 2016, MMI filed this Motion to Unseal Amended Complaint, ECF No. 161, which Seal Shield opposes.

MMI offers no explanation for the sudden need to unredact/unseal the Amended Complaint and its exhibits at this time. It does not explain how permitting the Amended Complaint and its exhibits to remain redacted/sealed would in any way prejudice their case. Given that MMI consented to the redacting/sealing in December 2014, it is particularly troubling why it waited 17 months to bring the instant motion.

Accordingly, MMI's Motion to Unseal Amended Complaint (ECF No. 161) is **DENIED WITHOUT PREJUDICE**, as set forth in the accompanying Order.

If, in the future, there is a good reason to unredact and/or unseal MMI's Amended Complaint, MMI can always file another Motion to Unseal, and the Court can revisit the issue. But no such reason has been presented this time around.

/s/  
**PETER J. MESSITTE**  
**UNITED STATES DISTRICT JUDGE**

**February 27, 2017**